UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| SCOTT R. BLEVINS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 3:13-CV-036-TLS |
| KELLY GOSSELIN, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Complaint [ECF No. 1] and Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] filed on January 15, 2013. The Plaintiff, Scott R. Blevins, proceeding *pro se*, alleges that Judge Kelly Gosselin of the Franklin County Superior Court, Family Division, denied him a DNA test and awarded custody of his child to another person in a case in the State of Vermont. (Compl. 2, ECF No. 1.) In conclusion, the Plaintiff requests relief in the form of compensatory damages for mental anguish and an order removing Judge Gosselin from the bench. (*Id.* 3.) Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen the Plaintiff's Complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law cannot be sued for money damages.

Having reviewed the Plaintiff's Complaint, the Court concludes that he cannot proceed with any of his claims. This Court is not the proper venue for a case against a Vermont resident-defendant whose actions giving rise to the claim occurred in Vermont. *See* 28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1406(a), this case must be dismissed unless it should be transferred in the interests of justice. Here, transferring the case would be futile because Judge Gosselin has absolute immunity for judicial acts that are within the jurisdiction of the court. *See Stump v.*

*Sparkman*, 435 U.S. 349 (1978). This is true even if the "exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359. "If a judge errs through inadvertence or otherwise, a party's remedy is through appellate process." *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005) (internal quotation marks omitted). The Defendant sits in the Family Division of the Vermont Superior Court in Franklin County. That court has jurisdiction over child custody cases. Ruling on requests for DNA testing and awarding custody of children is within the jurisdiction of that court. Consequently, the Defendant has absolute judicial immunity for her judicial acts and the Plaintiff cannot recover monetary damages from her. Further, the Court has no authority to remove the Defendant from her position. Therefore, Defendant's Complaint must be dismissed.

For the reasons set forth above, the Court DENIES the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] and DISMISSES the Plaintiff's Complaint [ECF No. 1] pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii).

SO ORDERED on February 4, 2013.

     s/Theresa L. Springmann  
     THERESA L. SPRINGMANN  
     UNITED STATES DISTRICT COURT  
     FORT WAYNE DIVISION